DANIEL G. BOGDEN
United States Attorney
KISHAN NAIR
Assistant United States Attorney
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
(702)388-6336 / Fax: (702)388-6698

```
___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
              COUNSEL/PARTIES OF RECORD

            JUN 17 2010

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | 2:10-cr-120-ECR-(RJJ) |
| ) | |
| vs ) | **PLEA MEMORANDUM** |
| ) | |
| ROBERT JOHNSON, Jr., ) | |
| ) | |
| Defendant. ) | |

The United States, by and through DANIEL G. BOGDEN, United States Attorney, and KISHAN NAIR, Assistant United States Attorney, ROBERT JOHNSON, Jr. ("Defendant"), and Defendant's attorney, RAQUEL LAZO, Assistant Federal Public Defender, submit this plea memorandum.

I.

**PLEA AGREEMENT**

The United States and Defendant have reached the following plea agreement, which is not binding on the court:

**A.   The Plea**

Defendant will plead guilty to the indictment charging him with Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**B.   Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against Defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**C.   Sentencing Guideline Calculations**

Defendant understands that the court is required to consider United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") among other factors in determining Defendant's sentence. Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

1. Defendant and the United States agree and stipulate to the following applicable sentencing guideline factors:

| | |
|---|---|
| Base Offense Level [USSG §2D1.1(c)(12)]: | 16 |
| Acceptance of Responsibility [USSG §3E1.1(a)]: | -2 |
| Timely Plea [USSG §3E1.1(b)]: | <u>-1</u> |
| Total Offense Level: | 13 |

2. The parties agree that no other specific offense characteristics apply.

3. The parties agree that the base offense level reflects the readily provable amount of controlled substances (including relevant conduct) attributable to the Defendant.

4. Pursuant to USSG §3E1.1(a), the United States will recommend that defendant receive a two-level adjustment for acceptance of responsibility unless defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; or (f) fails to appear in court.

. . .

5.      Under USSG §3E1.1(b), the United States will, in its sole discretion, make a motion for an additional one-level adjustment for acceptance of responsibility prior to sentencing if Defendant timely notifies the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and allowing for the efficient allocation of resources.

6.      Defendant agrees that the court may consider any counts dismissed under this agreement, along with all other relevant conduct whether charged or uncharged, in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

7.      Defendant understands that his Criminal History Category will be determined by the court pursuant to Chapter Four of the USSG.

**D.    Other Sentencing Matters**

1.      The United States will recommend that the Defendant be sentenced to the low-end of the Guideline range, and recommend that the sentence run concurrent to any other Federal sentence that Defendant is currently serving, unless the Defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility. In exchange for this concession, Defendant agrees not to seek a downward departure or a variance pursuant to 18 U.S.C. §3553(a) or the Sentencing Guidelines.

2.      The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, Defendant will not withdraw Defendant's plea of guilty.

3.      The stipulations in this agreement do not bind either the United States Probation Office or the court. Both Defendant and the United States are free to: (a) supplement

the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

### E. Fines and Special Assessment

1. Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2. Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

### F. Waiver of Appeal

In exchange for the concessions made by the United States in this plea agreement, Defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the parties, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or higher than the sentencing guideline range. Defendant also waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

### G. Additional Promises, Agreements, and Conditions

1. In exchange for the United States entering into this agreement, Defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against Defendant under Fed. R. Evid. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event Defendant does not plead guilty or withdraws Defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on Defendant's behalf; and (b) Defendant expressly waives any and all

rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2.  The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum or brought to the court's attention, and none will be entered into unless in writing and signed by all parties.

**H.  Limitations**

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving Defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

## II.

## PENALTY

A.  The maximum penalty for violating Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), is not more than twenty (20) years, a fine of not more than one million dollars ($1,000,000.00), or both.

B.  Defendant is subject to supervised release for a term of three (3) years, and up to a period of five (5) years for each count of conviction of violating Title 21, United States Code, Section 841(b)(1)(C). Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if Defendant violates one or more of the conditions of any supervised release imposed, Defendant may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

  C. Defendant must pay a special assessment of one-hundred dollars ($100.00) for each count of conviction.

  D. Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless the defendant establishes that the defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III.

## ELEMENTS

  A. To convict Defendant of Possession with Intent to Distribute a Controlled Substance (Cocaine) in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), the United States must prove each of the following elements beyond a reasonable doubt:

   1. First, Defendant knowingly possessed cocaine; and

   2. Second, Defendant possessed it with intent to deliver it to another person.

   See 9ᵀᴴ CIR. CRIM. JURY INSTR. 9.13 (2003 ed).

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

  1. Defendant is pleading guilty because Defendant is guilty of the charged offense.

  2. In pleading to the offense, Defendant acknowledges that if Defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish Defendant's guilt beyond a reasonable doubt.

  3. I, ROBERT JOHNSON, Jr., specifically admit and declare under penalty of perjury that all of the facts set forth below are true and correct:

  On or about March 1, 2010, I possessed approximately 32 small zip lock bags of cocaine and another 8 clear plastic bags of cocaine, that all together had a net weight of approximately 88.2 grams. I intended to deliver the cocaine to others. When I was arrested, I

waived my Miranda rights and agreed to speak to the DEA agents. I told them that just prior to my arrest on March 1, 2010, I had sold two packets of cocaine for $40.00 to a man in a blue Cadillac Escalade whom I knew as W.N. Additionally, I agree that all of the above-mentioned acts occurred in the State and Federal District of Nevada.

## V.

## ACKNOWLEDGMENT

1. Defendant, acknowledges by Defendant's signature below that Defendant has read this Memorandum of Plea Agreement, that Defendant understands the terms and conditions, and the factual basis set forth herein, that Defendant has discussed these matters with Defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2. Defendant acknowledges that Defendant has been advised, and understands, that by entering a plea of guilty Defendant is waiving, that is, giving up, certain rights guaranteed to Defendant by law and by the Constitution of the United States. Specifically, Defendant is giving up:

    a. The right to proceed to trial by jury on the original charges, or to a trial by a judge if Defendant and the United States both agree;

    b. The right to confront the witnesses against Defendant at such a trial, and to cross-examine them;

    c. The right to remain silent at such trial, with such silence not to be used against Defendant in any way;

    d. The right, should Defendant so choose, to testify in Defendant's own behalf at such a trial;

    e. The right to compel witnesses to appear at such a trial, and to testify in Defendant's behalf; and

. . .

f. The right to have the assistance of an attorney at all stages of such proceedings.

3. Defendant, Defendant's attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either Defendant, Defendant's attorney, or the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney

6/15/2010
DATED

KISHAN NAIR
Assistant United States Attorney

6/17/2010
DATED

ROBERT JOHNSON, Jr.
Defendant

6/17/2010
DATED

RAQUEL LAZO
Counsel for Defendant